IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Crosby, ) | Civil Action No.: 1:12-440-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| John Ozmint, former Director of South ) | |
| Carolina Dept. of Corrections; ) | |
| John/Jane Doe #1 of the ) | |
| Correspondence Review Committee; ) | |
| John/Jane Doe #2 of the ) | |
| Correspondence Review Committee; ) | |
| John/Jane Doe #3 of the ) | |
| Correspondence Review Committee, ) | |
| individually and in their official ) | |
| capacities, ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Brian Keith Crosby ("Plaintiff") is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff, appearing *pro se*, brings this civil action against the above named defendants pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (ECF No. 1). At the time that the alleged constitutional violations occurred, Plaintiff was housed at Perry Correctional Institution ("Perry") in Pelzer South Carolina.

The matter is before the court on Defendants' Motion for Summary Judgment filed on October 8, 2013 (ECF No. 44). By order filed on October 9, 2012, pursuant to *Roseboro v. Garrison*, 528 F. 2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a memorandum in opposition on November 15, 2012 (ECF No. 48) to which Defendant filed a reply on December 6, 2012. (ECF No. 52 ). Also before the court is Plaintiff's Motion for

Summary Judgment or Default filed on September 19, 2012. (ECF No. 43). Defendants filed a response on October 9, 2012. (ECF No. 47).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva Hodges for pretrial handling. On February 28, 2013, Magistrate Judge Hodges issued a Report and Recommendation ("Report") recommending that Plaintiff's Motion for Summary Judgment or for Default (ECF No. 43) be denied or deemed moot and that the court grant Defendants' Motion for Summary Judgment (ECF No. 44) and, that this case be dismissed with prejudice. (ECF No. 54 at 10). Plaintiff filed objections to the Report on March 21, 2013 (ECF No. 56), to which Defendants filed a reply on April 18, 2013. (ECF No. 58).

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1).

## BACKGROUND

The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein and summarizes in relevant part. Briefly, Plaintiff contends that on June 6, 2008, he placed an order for a "couple of publications of an artistic nature." (ECF No. 1 at 4). The books were received in the mailroom at Perry on June 17, 2008. One book, "Jerry Garcia: The Collected Artwork" was given to Plaintiff.

However, the other book entitled "Great Fantasy Art Themes from the Frank Collection" ("the Book") was not delivered to Plaintiff because the prison's Correspondence Review Committee ("CRC") determined that the Book had questionable content, specifically nudity, that required further review of the CRC in accordance with SCDC Policy No. PS-10.08 entitled "Inmate Correspondence Privilege." ("the Policy")(ECF No. 44-2). Upon review, the CRC determined that the Book violated Section 20.1.6 of the Policy and notified Plaintiff that the Book had been disapproved.

On February 21, 2012, Plaintiff filed the instant action alleging that Defendants' actions violated his First, Fourth, and Fourteenth Amendment rights. (ECF No. 1 at 7-8). Plaintiff seeks declaratory relief as well as monetary relief and punitive damages.

## DISCUSSION

Upon review, the Magistrate Judge determined *inter alia* that (1) Plaintiff's First Amendment claim fails because prison regulations that restrict the receipt of mail by inmates do not violate the First Amendment if they are reasonably related to legitimate penological interests; (2) Plaintiff's Fourth Amendment claims fail because as a prisoner, Plaintiff has no expectation of privacy in his possessions; (3) Plaintiff's Fourteenth Amendment claim fails because Plaintiff has not shown that the prison regulation created a liberty interest; (4) Plaintiff claims against Defendant Ozmint fail because Plaintiff has not shown that Ozmint is liable under a theory of respondeat superior or supervisory liability; and (5) Plaintiff's Motion for Summary Judgment or for Default should be construed as a Motion to Compel that is moot because it was based on Defendants' failure to respond to Plaintiff's discovery requests which Defendant has now answered. (ECF No. 54 at 11).

**Plaintiff's Objections**

Plaintiff filed numerous objections to the Magistrate Judge Report and Recommendation. Upon review, the court notes that Plaintiff essentially disagrees with nearly every section of the Report and Recommendation, for reasons previously articulated in either his Complaint or his Response to Defendants' Motion for Summary Judgment. The court discovered a general pattern throughout each objection on a specific issue: Plaintiff quotes a statement or conclusion made by the Magistrate Judge in the Report and Recommendation; Plaintiff indicates his position on the quoted portion; and concludes with the statement that he "objects to the statement made by Judge Hodges as noted above, based on the fact that they are inaccurate and/or untrue." Petitioner's objections ignore the Magistrate Judge's well-reasoned disposition of the issues and do not clearly identify any legal analyses which were in error. Instead, Plaintiff tries to relitigate nearly every issue in the Report and Recommendation by furthering a general disagreement of the Magistrate Judge's conclusions. Nevertheless, since Plaintiff is proceeding *pro se*, the court has reviewed each objection raised and finds the objections have no merit and are overruled.

In Plaintiff's first objection, he contends the Magistrate Judge erred in construing Plaintiff's Motion for Summary Judgment or for Default as a Motion to Compel. In discussing this objection, Plaintiff essentially restates the argument set forth in his opposition to Defendants Motion for Summary Judgment. (ECF No. 48 at 12-16). It is well established that federal courts may ignore the legal label that a *pro se* litigant attaches to a motion, recharacterize the motion, and place it within a different legal category. Courts often take this step in order "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). Further, even if the court were to

construe the motion as a Motion for Summary Judgment, Plaintiff would not be entitled to relief.  Summary judgment is only proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c). The movant has the burden of establishing the absence of a genuine issue of material fact. Plaintiff has failed to meet this burden.  *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 718 (4th Cir.1991).  Plaintiff's objection is overruled.

In Plaintiff's second, fourth, fifth and sixth objections, he contends that the Magistrate Judge erred in recommending summary judgment in favor of Defendants with respect to Plaintiff's First, Fourth, and Fourteenth Amendment claims.  Central to each of these objections is the CRC's decision to deny Plaintiff possession of the Book based upon the Policy.  (ECF 44-2).

More specifically, in Plaintiff's second objection, he argues that his First Amendment Rights have been violated because the Book is an "art book" and falls into an exception listed in 20.1.6 and that Defendants misapplied this exception.  Section 20.1.6 provides that the prohibition of sexually explicit materials "shall not apply to patently medical, artistic, anthropological, or educational commercial publication including but not limited to National Geographic, works of art displayed in public galleries, anatomy texts, or comparable materials."  (ECF No. 44-2 at 30).

Even if Plaintiff is correct that the CRS misapplied an exception listed in Section 20.16, a violation of an SCDC internal policy does not constitute a constitutional violation. As stated in the Magistrate Judge's Report and Recommendation, "[a]n agency's violation of its regulations is not unconstitutional unless the regulations are necessary to afford due

process." *Bowens v. North Carolina Department of Human Resources*, 710 F.2d 1015 (4th Cir. 1983). The Magistrate Judge noted that, as a prison inmate, Plaintiff retained certain First Amendment rights. *Thornburgh v. Abbott*, 490 U.S. 401, 407-408 (1989). However, an inmates First Amendment rights are not unrestricted and prisons may adopt regulations that may infringe on a prisoner's constitutional rights as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S 78,87 (1987). The Magistrate Judge applied the Turner factors to the instant action and correctly found that SCDC's prohibition of sexually-explicit material was reasonably related to legitimate penological interests. Therefore, even if the Book constituted an exception set forth in Section 20.1.6, Plaintiff did not meet his burden of establishing that the prison regulation was unconstitutional. Thus, Plaintiff's second objection has no merit and is overruled.

Plaintiff's third and fourth objections also concern the exceptions outlined in 20.1.6 and Plaintiff's general disagreement with the Magistrate's conclusion that Plaintiff had failed to show the regulations violated Plaintiff's constitutional rights. For the reasons previously set forth, Plaintiff's objections are overruled.

Next, in Plaintiff's fifth objection, Plaintiff contends that the Magistrate Judge erred in recommending summary judgment in favor of Defendants with respect to Plaintiffs Fourth Amendment Claims. Plaintiff suggests that Defendants' withholding of the Book constituted an unreasonable seizure in violation of the Fourth Amendment. Plaintiff also asserts, once again, that pursuant to the exceptions outlined in 20.1.6, he should have been permitted to have the Book.

The applicability of the Fourth Amendment turns on whether the person invoking its

protection can claim a reasonable expectation of privacy that has been invaded by government action. *Hudson v.* Palmer, 468 U.S. 517, 525, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (*quoting Smith v. Maryland*, 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979)). Prisoners have no legitimate expectation of privacy and the Fourth Amendment's prohibition on reasonable searches and seizures does not apply in the prison context. *See id.* at 530. As explained by the Magistrate Judge, officials must be free to seize from cells any articles which, in their view, deserve legitimate institutional interests. *Hudson*, 468 U.S. 530, n. 8. Further, as to the exception that Plaintiff relies upon, even if the CRS misapplied an exception in Section 20.16, a violation of an SCDC internal policy does not constitute a constitutional violation. Plaintiff's objection is overruled.

In Plaintiff's sixth objection, he contends that the Magistrate Judge erred in concluding that the exceptions in 20.1.6 failed to create a liberty interest. Plaintiff argues that the word "shall" in Section 20.1.6 implicates the Due Process Clause. The court disagrees. In *Sandin v. Connor*, 515 U.S. 472 (1995), the court indicated that "the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause." 515 U.S .at 483. The court further indicated that liberty interest protected by the Due Process Clause "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484. Here, Plaintiff was denied access to a book after the CRS determined it was prohibited by Section 20.1.6 of SCDC Policy No. PS-10.08. The court does not find that being denied a book amounts to an atypical and significant hardship in relation to the ordinary incidents of prison life as discussed in *Sandin*. Further, as previously discussed,

even if the CRS misapplied an exception in Section 20.16, a violation of an SCDC internal policy does not constitute a constitutional violation. Plaintiff's objection is overruled.

In Plaintiff's seventh objection, he contends that the Magistrate Judge erred in recommending that Defendant Ozmint was not liable on a theory of respondeat superior. As explained by the Magistrate Judge, Plaintiff has failed to show that "Ozmint was deliberately indifferent to, or tacitly authorized, the decision of the CRC, and he has therefore failed to show that Ozmint is liable on a theory of *respondeat superior* or supervisory liability." (ECF No. 54 at 10). Plaintiff's objection is overruled.

In Plaintiff's eighth and ninth objections, he objects to introductory language found on the first page of the Report and Recommendation and in the conclusion found on the last page of the Report and Recommendation. The court finds these objections to be nothing more than general objections, rather than specific and particularized objections as required by Rule 72(b) and 28 U.S.C. § 636(b)(1). As such, they are overruled.

## **CONCLUSION**

After a thorough review of the Magistrate Judge's Report, the applicable law, and the record in this case, the court accepts the Magistrate Judge's Report. Accordingly, the Report is incorporated herein by reference, and Defendants' motion for summary judgment (ECF No. 44) is **GRANTED**, Plaintiff's motion for summary judgment or default (ECF No. 43) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

September 18, 2003

Spartanburg, South Carolina

-9-